(Judge Laubie of the seventh circuit, sitting in place of Judge Henry.)

AKRON & CUYAHOGA FALLS RAPID TRANSIT CO. v. ERIE RY.

1. AGREEMENT TO PAY FOR MAINTENANCE OF FLAGMAN BY RAILWAY IF LATTER REQUIRED SO TO DO, NOT ENFORCIBLE IF DONE UNDER MUTUALLY ADVANTAGEOUS AGREEMENT WITH MUNICIPALITY.

Under a contract by which a traction company agreed to pay all the costs and expenses incurred by a railway company in maintaining a flagman "lawfully required" by the public authorities at the intersection of their tracks, such traction company will not be liable where the railway company placed a flagman at the crossing under a contract with a village, by which the municipality agreed to repeal a certain ordinance restricting the speed of trains.

2. AGREEMENT BY TRACTION COMPANY TO MAINTAIN FLAGMAN AT RAILWAY CROSSING, VOID FOR WANT OF CONSIDERATION, IF NOTHING GRANTED BUT RIGHT TO CROSS.

A traction company has the right to lay and maintain its tracks at the grade of a street and across the track of a railroad by virtue of its franchise, without liability to the railroad company; an agreement, therefore, by such traction company to pay the costs and expenses of maintaining a flagman at their crossing without further compensation therefor than the right to cross the railway's tracks is void for want of consideration.

3. CONSTRUCTION, ETC., OF TRACTION COMPANY'S TRACKS NOT A NEW SERVITUDE.

The construction and maintenance of tracks by a traction company along municipal streets under authority legally granted by the municipality will not impose a new or additional burden upon the abutting property for which the owner of the fee can obtain compensation when the tracks are laid along the center and at the grade of the street.

4. IF MUNICIPALITY ANNEXES COUNTY ROAD, TITLE VESTS THEREIN IN TRUST.

When a municipal corporation annexes territory embracing a county road, the title in fee to that part of the road vests in the municipality in trust for the public.

[Syllabus approved by the court.]

ERROR to Summit common pleas court.

**Rogers, Rowley, Bradley & Rockwell,** for plaintiff in error.

**Tibbals & Frank,** for defendant in error.

LAUBIE, J.

As one ground for the reversal of this case, it is alleged that the trial court erred in refusing to admit the evidence offered by the plaintiff in error, the defendant below, to prove its defense to the first and second causes of action of the second amended petition—in substance, that such railroad company for its own purposes, advantage and profit, had itself applied to the Barberton village council and the commissioner of railroads, for the order to station a flagman at the crossing, and agreed to pay the expenses thereof, if such order would be issued.

In the opinion of this court this evidence was competent, as was substantially held by this court at a former hearing, and should have been admitted.

The contract sued upon provides that the traction company (conceding it to be bound by said contract as the successor of the second parties thereto) should pay "all costs and expenses which may be lawfully required of the parties hereto by the authorities of said village of Barberton or of said state of Ohio * * * for maintaining flagmen at said crossing."

This clearly refers to, and includes, only independent action primarily instituted and taken by such village or state, and not such costs and expenses as are incurred by such railroad company by its own primary action, and for its own profit and advantage.

If it obtained such order for the appointment of a flagman under a contract with the village council, proposed by, and entered into, at the request of such railroad company, by which it promised and agreed to place a flagman at such crossing, if the village council would repeal its ordinance restricting the speed of railway trains through the village, then such appointment was in effect substantially made by itself, for its own benefit, and was not "lawfully required" within the meaning of such original contract.

The village or state could under Rev. Stat. 247a, 3443a (Lan. 307, 5529), only require flagmen to be stationed at crossings which were found to be dangerous to the public; and if this railroad company thus obtained the right to make this crossing dangerous, upon its promise to place a flagman there, it would be unjust to allow it to recover the cost thereof from the traction company under the terms of the contract sued upon.

Viewed in the light of these facts, if proved, such construction of such contract would do violence to its spirit and intention, if not to its plain letter.

There is however another ground of error relied upon by the plaintiff in error, to wit, that there was no consideration for the promise to pay the cost and expense of maintaining a flagman, and that the judgment should have been for the defendant below, instead of for the plaintiff.

This court is in full accord with such claim, and finds that such promise was void for want of consideration, and so held upon the former hearing of this case; and judgment should have been entered for the traction company and the case dismissed.

The contract in question entered into by the predecessors of the parties hereto, was peculiar in this, that it attempted by its terms to secure rights to the railroad company not vested in it by the laws of the state, while on its part it granted to the other contracting parties no right of any kind that under their franchise they did not already possess.

The contract related to one matter only, the crossing of the railroad company's track by the traction company's road on a public street in the village named, and not a single right or privilege was granted to it by the railroad company that it was not already vested with under its franchise. Instead of that, its rights were restricted by the wording of the agreement without recompense of any kind.

When a municipality annexes territory embracing a county road, as was done here, the title in fee to such part of the county road vests in the municipality in trust for the public. *Lake Shore & M. S. Ry.* v. *Elyria,* 69 Ohio St. 414, 427 [69 N. E. Rep. 738]. Therefore, such title vested in Barberton when it annexed the territory embracing the county road, now the street in question.

The traction company had a right to lay and maintain its tracks at the grade of such street, and along its center as it did, and across the track of the railroad by virtue of the rights it acquired under its franchise, without being liable to pay anything to the railroad company. But at all events, under such state of facts, if any liability could arise to the railroad company by virtue of its being the owner of the adjoining property, as claimed by it, no waiver of the right to enforce such liability or release of damages, was provided for in such contract, so as to constitute a consideration for such promise.

The railroad company had no right to compel the traction com-

### Rapid Transit Co. v. Railway.

'pany to build an overhead crossing—a bridge; and even if it were the owner of the adjoining lands, it was not referred to as such in the contract, and did not attempt to release the traction company from liability for any damage which might result to it as such adjoining owner from the building of such bridge. Where a company, like the plaintiff in error, acquires and is granted the right to construct and maintain a single track along and upon a street of a village, as in this case, no additional burden is cast upon the land, and adjoining lot owners are not entitled to any compensation, if the track is laid at the grade of the street, and along its center, as was done in this instance.

As it is not disputed, it must be taken as admitted, that the traction company had obtained the right under the statutes relating thereto, to construct and maintain its track on the street in question, and the cases cited, *Lawrence Ry.* v. *Williams,* 35 Ohio St. 168, and *Schaaf* v. *Railway,* 66 Ohio St. 215 [64 N. E. Rep. 145], are not decisive of this case, as they related to the construction of tracks upon country highways, and upon the sides thereof, not upon their center.

The precise point involved in the case at bar, was made and decided in the case of *Simmons* v. *Toledo,* 4 Circ. Dec. 69 (8 R. 535), where it was held that,

"The city council has the power to grant the right to the use of a public street for the purpose of constructing a railroad, and when the city grants to an electric railway company the right to the use of the street for railway purposes, the right to erect poles for the support of electric wires goes with it. Such use is not a new or additional burden which would entitle the property owners to an injunction."

The plaintiff, an adjoining lot owner, sought by injunction to restrain the construction of the line until compensation was made to her.

This case was affirmed by the Supreme Court without report, *Simmons* v. *Toledo,* 51 Ohio St. 626, and had never been overruled so far as we know.

The owners of adjoining lots have but an easement in the streets in front of their lots, and while it is regarded as property, as fully as the land itself, it is still but an easement, and not land, and consequently whatever injury is suffered by the lot owner in such cases, is to the easement and not to the land; as, where the track is placed on the side of the street, and interferes with the free and unlimited use of the easement in obtaining egress and ingress by the lot owner from and to his lot, which is an injury different in degree from that suffered by the public. And the same result would follow if the poles were placed

in such position, or in such numbers as to interfere with, and obstruct, such egress and ingress.

The purposes for which the traction company uses the street are old and established street purposes, the transportation of passengers and merchandise. The method only is new. Instead of transporting them in stagecoaches, hacks and wagons, they are transported in cars, which are propelled by electricity, instead of being hauled by horses. It is true, in order so to propel them, iron or steel rails are laid in the street, but when they are laid in the center, and substantially at the grade of the street, as the speed of the cars can be regulated by the municipality, the inconvenience to the public is or may then be made no greater than would be caused by the occupancy of the street by the number of the ordinary vehicles required to transport the passengers and merchandise transposed on such cars; and the inconvenience suffered by such lot owners would be the same as, and no greater than, that of the public.

In the case at bar, however, if the rights of the railroad company as an adjoining lot owner, were in any manner infringed, no right in that respect was released or parted with on the part of such company, regarded as a party to such contract, as a consideration for the promise of the other parties thereto in respect to such flagman. Indeed the contract itself provides in express terms that such other parties "assumed all responsibility and liability to *any* and *all* persons for *any* and *all* injuries and damages to persons and *property* which might arise from the construction and maintenance of such road." (The italics are my own.)

It would, therefore, have been difficult for such other parties to have escaped paying the railroad company for any injury done to its adjoining property, not by the crossing of the railroad company's tracks, but by the construction of the traction line along Cornell street, if it had suffered any.

But at all events, such right was not involved, or necessarily parted with or released by the railroad company, as the contract related and applied solely to the crossing of the track of the railroad company, and not at all to the occupation of any other portion of the street, or of the right of the traction company to construct its track along the street.

In the case of *Cin. & H. Elec. St. Ry.* v. *Railway,* 12 Circ. Dec. 113 (21 R. 391), (affirmed by the Supreme Court without report, *Railway* v. *Railway,* 51 Ohio St. 550), it was held:

"Where a steam road crosses a highway or a street, a street rail-

way which has the right to lay its tracks in the street may cross the tracks * * * without compensation to the steam railroad company."

For these reasons the judgment is reversed, and this court proceeding to render the judgment that the trial court should have rendered, the case itself is dismissed at the costs of the Erie Railroad Company.

Marvin and Winch, JJ., concur.